UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:09-CV-0353-SEB-DML |
| BANE SPECIALTY SERVICES, INC. and BANE PERSONNEL MANAGEMENT, INC., a/k/a BANE PERSONNEL MANAGEMENT SERVICES, INC. , | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING MOTIONS TO DISMISS**

Both of the Defendants in this lawsuit filed separate motions to dismiss (Docs. #10 & #12) pursuant to Fed.R.Civ.P 12(b)(6) and, after Plaintiff filed an Amended Complaint, the Defendants, as a follow-up, filed a Joint Motion to Dismiss (Doc. #16), renewing their previous motions and reasserting all but one of the arguments raised previously.  Our review indicates that all of the motions are premature, in that they invite the Court to look outside the pleadings to evaluate evidentiary matters.  Accordingly, the motions to dismiss must be denied.

*Procedural Background*

Bane Personnel Management Services, Inc. and David Bane brought a lawsuit in state court against Jason Haun and Rex Johnson.  The Equal Employment Opportunity

Commission, Plaintiff herein, asserts that the Bane lawsuit was filed in retaliation for Haun's having filed an EEOC charge and Johnson's having testified or assisted with the investigation of that charge.  Accordingly, the EEOC brought this enforcement action under Title VII of the Civil Rights Act against Bane Personnel Management, Inc and Bane Specialty Services, Inc., which either employed Haun and Johnson or, alternatively, acted as an "employment agency" in securing their employment.  Retaliation of the sort alleged by the EEOC is or can be an unlawful employment practice under Title VII.

The motion filed by Bane Specialty Services, Inc. asserts that:  (1) it has too few employees to qualify as an employer under Title VII[1]; (2) it has never employed Jason Haun; and, (3) the EEOC has not alleged that the lawsuit brought by  Bane Personnel Management Services, Inc. was baseless and, in any event, a lawsuit with merit does not violate Title VII.  Defendant Bane Personnel Management, Inc.'s Motion to Dismiss contains identical assertions, though it omits the allegation that it never employed Haun.

*Discussion*

To survive a motion to dismiss, a plaintiff's complaint must satisfy the standards set forth in Rule 8 of the federal procedural rules: "a short and plain statement of the

---

[1] In briefing, all parties concede that the EEOC's amendment to its complaint, which offers the alternative factual assertion that Defendants are employment agencies, moots the issue of the adequacy of employee numbers for purposes of the dismissal motions.  Pursuant to 42 U.S.C. § 2000e-5, the EEOC may bring an enforcement actions against either an employer or an employment agency.

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2). The purpose of the short, plain statement requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." (quotation omitted)). When deciding a motion to dismiss, we construe the allegations of the complaint in a manner which draws all reasonable inferences in favor of the plaintiff. *Hecker v. Deere & Co.*, 565 F.3d 575, 580 (7th Cir. 2009).

Whether or not the Defendants qualify as employers or employment agencies under Title VII or whether either Defendant "employed" Jason Haun are all questions of fact which require us to go beyond the pleadings to resolve.

> The reason why judges accept a complaint's factual allegations when ruling on motions to dismiss under Rule 12(b)(6) is that a motion to dismiss tests the legal sufficiency of a pleading. Its factual sufficiency will be tested later-by a motion for summary judgment under Rule 56, and if necessary by trial.

*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

Defendants assertion that the EEOC must allege (and ultimately prove) that the lawsuit filed by Bane Personnel Management Services, Inc. was baseless is without merit

3

as well.  Such specificity of pleading ordinarily is not required.  The EEOC's assertion that the lawsuit was filed in retaliation against Johnson and Haun and that it violated Title VII is sufficient to put the Defendants on notice of the claim(s) against them, and it is patently disingenuous for Defendants to claim that they don't know the nature of the claim being brought against them in this lawsuit.  Their motions must therefore be denied.

*Conclusion*

For the reasons explicated above, Defendant Bane Specialty Services, Inc.'s Motion To Dismiss (Doc. #10), Defendant Bane Personnel Management, Inc.'s Motion to Dismiss (Doc. #12) and the Defendants' Joint Motion to Dismiss Amended Complaint (Doc. #16) are all DENIED.

IT IS SO ORDERED.

Date: 01/28/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kenneth L. Bird
EQUAL EMPLOYMENT OPPORTUNITY COMM
kenneth.bird@eeoc.gov

Michelle Eisele
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
michelle.eisele@eeoc.gov

Richard B. Reiling
RICHARD B. REILING, ESQ.
reilinglaw@aol.com

Laurie A. Young
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
legal.station@eeoc.gov